UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Warren Mitchell Cooper, | ) | C/A No.  4:10-2402-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden, FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Warren Mitchell Cooper, a federal prisoner proceeding without assistance of counsel, seeks habeas corpus relief under 28 U.S.C.§ 2241. Specifically, petitioner contends that a change in the law, subsequent to his first § 2255 motion, has rendered him "actually innocent" of being an armed career offender.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that this action should be summarily dismissed because the claim presented is not cognizable under § 2241. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on August 16, 2010. The petitioner filed

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

an objection memorandum which the court will address herein.

PROCEDURAL HISTORY

The defendant pled guilty in March 2003 to the offense of felon in possession of a firearm. The Honorable Terry L. Wooten, United States District Judge for the District of South Carolina, sentenced the defendant to 190 months imprisonment.[2] His sentence included an enhancement under the Armed Career Criminal Act (ACCA) as a result of his two prior convictions for failing to stop for a blue light. He filed a direct appeal which the Fourth Circuit Court of Appeals affirmed on June 22, 2004. Petitioner then filed a motion to vacate his sentence under 28 U.S.C. § 2255 challenging, among other things, the ACCA predicate prior conviction of his South Carolina convictions for failure to stop for a blue light. Judge Wooten denied the § 2255 motion on August 1, 2008.[3] The petitioner then filed his § 2241 action in this district on June 23, 2010.[4]

At the heart of defendant's challenge is his claim that a recent Fourth Circuit case, *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010) held that South Carolina's blue light statute did not qualify as a violent felony under the ACCA. Petitioner thus contends that he should be resentenced without the ACCA enhancement.

The defendant contends that he can invoke the savings clause of § 2255 because he

---

[2] See *United States v. Cooper*, CR No. 4:02-1018-TLW (D.S.C.).

[3] See *Cooper v. United States*, C/A No. 4:05-2814-TLW (D.S.C.).

[4] Habeas petitions are usually filed under § 2255 in the court that imposed the prisoner's sentence. When § 2255 "appears ... inadequate or ineffective to test the legality of his detention," § 2255(e), however, a federal prisoner may seek habeas relief from the court in the district of his confinement under § 2241. *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

is factually and legally innocent of his sentence and his conviction, thus making § 2241 the appropriate avenue for relief.

As the Magistrate Judge correctly notes, a § 2241 petition challenges the execution of a sentence rather than its validity, whereas a direct appeal and a § 2255 motion challenge the imposition of the sentence, including its validity. Here, petitioner's claim attacks the legality and validity of the sentence and thus it is not cognizable under § 2241 unless a § 2255 motion is inadequate or ineffective to test the legality of the detention. The Magistrate Judge concludes that § 2255 is not inadequate or ineffective simply by virtue of the fact that the defendant has previously filed a § 2255 and failed to obtain relief therefrom.

The Fourth Circuit Court of Appeals in *In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) set forth a test to determine whether a § 2255 motion should be considered inadequate or ineffective, thus making the "savings clause" of § 2255 available to challenge the validity of the conviction through § 2241. The petitioner must demonstrate that (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

The *Rivers* case petitioner relies on is only applicable to defendant's ACCA enhancement for failure to stop for a blue light, not his original federal conviction for felon in possession of a firearm. Thus, he cannot meet the second requirement of the *Jones* test

3

that the conduct of which he was convicted is deemed not be criminal. Moreover, the savings clause does not extend to challenges of sentences only.

In his objections, petitioner asserts that he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. The court finds these objections without merit.

As the Magistrate Judge correctly suggests, the claim raised by petitioner is not proper in a § 2241 petition. Absent a finding that a § 2255 petition is inadequate or ineffective, the petitioner cannot invoke the savings clause. Moreover, this court cannot consider the present § 2241 petition as one under § 2255 because petitioner has not sought leave from the Fourth Circuit Court of Appeals to file a successive § 2255 petition, as is required by 28 U.S.C. § 2244 and 28 U.S.C. § 2255. *See United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003).

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this petition is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

March 28, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

4